THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY and RENEE BROXSON,

    Plaintiffs,

  v.

LAKEWEST CONDOMINIUM ASSOCIATION,

    Defendant.

CASE NO. C16-0462-JCC

ORDER ON MOTION TO COMPEL

This matter comes before the Court on Defendant Lakewest Condominium Association's motion to compel discovery from Plaintiffs Jeffrey and Renee Broxson (Dkt. No. 34). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Lakewest's motion for the reasons explained herein.

I. **BACKGROUND**

This is a claim for an Americans with Disabilities Act (ADA) violation with respect to handicap access and parking space availability at a condominium managed by Defendant Lakewest Condominium Association and which was formerly owned by Plaintiffs Jeffrey and Renee Broxson. The underlying facts can be found in the order granting Lakewest's first motion to compel discovery. (Dkt. No. 31 at 1–2.) Over the course of five discovery requests, Lakewest

has served the Broxsons with 19 requests for production (RFPs). (*See* Dkt. No. 35 at 8–27, 71–75.) On February 26, 2017, Lakewest moved to compel disclosure of 12 out of the 19 RFPs: a response to RFP No. 7 and more complete responses to RFP Nos. 9–19. (Dkt. No. 34 at 4.) The Broxsons failed to timely respond to Lakewest's initial motion, but instead responded in a surreply on March 23, 2017. (Dkt. No. 42.) The Broxsons contest Lakewest's motion and assert that they responded to RFP Nos. 9–19 on March 20, 2017. (*Id.* at 2–3.)

## II. DISCUSSION

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When addressing proportionality, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B. Analysis

#### 1. Evidence Relating to Mr. Broxson's Disability (RFP Nos. 14, 15)

RFP Nos. 14 and 15 pertain to the existence and extent of Plaintiff Jeffrey Broxson's handicap: RFP No. 14 asks for Mr. Broxson's "L&I file" revealed during deposition, and RFP No. 15 asks for any other related files, including documentation of Mr. Broxson's "injuries or conditions" or "diagnosis or treatment." (Dkt. No. 35 at 25–26.) The Broxsons were purportedly due to receive the "L&I file" requested in RFP No. 14 from the State "in the week of March 20, 2017." (Dkt. No. 42-3 at 5.) Thus, notwithstanding objection or amendment, the Broxsons should

ORDER ON MOTION TO COMPEL
PAGE - 2

have no further difficulty producing the documents.

          a. *Objections to RFPs Relating to Mr. Broxson's Disability*

The Broxsons object to RFP Nos. 14 and 15 for lack of relevance. (Dkt. No. 42-3 at 5–6.) An objection to a discovery request must be filed "within 30 days after being served" with the request. Fed. R. Civ. P. 34(b)(2)(A). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Lakewest submitted its fourth discovery request, containing RFP Nos. 14 and 15, on January 20, 2017. (Dkt. No. 35 at 22–27.) The Broxsons failed to object to that request until March 18, 2017, (Dkt. No. 42-3 at 5–6, 15), well more than 30 days after the request.

Not only have the Broxsons failed to timely object, but the subject matter of both requests is relevant as well. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Broxsons explain in their complaint that their decision to purchase the condominium was "greatly influenced" by "Mr. Broxson's medical issues," including "advanced degenerative joint disease" and "numerous permanent partial disabilities." (Dkt. No. 2 at ¶¶ 3.4–3.6.) The Broxsons also allege handicap discrimination against Mr. Broxson in violation of 42 U.S.C. § 3604(f). (Dkt. No. 2 at ¶ 4.5.) Both requests pertain to records of Mr. Broxson's handicap. (Dkt. No. 35 at 25–26.) Records of Mr. Broxson's handicap would have "any tendency to make [the] fact" of handicap discrimination against Mr. Broxson "more or less probable," and such fact would be of direct "consequence in determining" whether and to what degree the factors of the alleged violation are met. The Court thus OVERRULES the Broxsons' objections to RFP Nos. 14 and 15.

          b. *Amended Complaint*

The Broxsons ask for leave to amend their complaint to clarify that Mr. Broxson does not "claim a cause of action on his own behalf in relation to his physical disability and mobility

issues." (Dkt. No. 42 at 2.) A clarification that omits Mr. Broxson's own health or disability from the 42 U.S.C. § 3604(f) claim would cause RFP Nos. 14 and 15 to cease to be relevant.

Federal Rule of Civil Procedure 15(a)(2) says that, except for amendments as a matter course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In deciding whether to grant a motion to amend, "the factor of prejudice to the opposing party carries the greatest weight, and the party opposing amendment 'bears the burden of showing prejudice.' " *Williams v. Kitsap County*, 2009 WL 1362483 at *1 (W.D. Wash. May 14, 2009) (quoting *Eminence Capital, LLC v. Aspeon Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

The Broxsons purport to clarify their claim by amendment; this would be in the interest of justice. The Court thus GRANTS leave to amend the complaint for the purpose of clarifying the claim. Such amendment may only clarify or narrow claims. With an impending trial in June 2017, additional claims would unduly prejudice Lakewest, and will not be accepted.

       c. *Conclusion as to RFP Nos. 14 and 15*

For the reasons explained above, the Court GRANTS the motion to compel as to RFP Nos. 14 and 15, pending an amendment of the complaint that would eliminate their relevance. The Broxsons must either file an amended complaint or produce the requested documents within 14 calendar days.

      2. <u>Evidence of Conditions at the Condominium (RFP Nos. 9–10, 12–13, 16–19)</u>

Lakewest requests a series of documents relating to the conditions at the condominium. RFP Nos. 9, 12, 18, and 19 ask for all communications about handicap accessibility, parking, or visitation with family, friends, the City of Seattle, and Lakewest staff. (Dkt. No. 35 at 11, 18, 27.) RFP Nos. 10, 13, and 17 ask for all communications with various friends or real estate agents relating to the Broxsons' sale of the Lakewest condominium. (Dkt. No. 35 at 11–12, 19, 26–27.) RFP No. 16 asks for brochures or other documents, including bylaws, received "in connection with" the Broxsons' purchase of the Lakewest condominium. (Dkt. No. 35 at 26.)

The Broxsons have produced a single email message and a diagram in response to RFP No. 9. (Dkt. No. 42-1 at 6–8.) Additionally, they have produced four email messages and two images in response to RFP No. 18.[1] (Dkt. No. 42-3 at 8–14.) The Broxsons deny possession of any further unproduced documents. (Dkt. No. 42 at 7–8; Dkt. No. 42-1 at 5, 9; Dkt. No. 42-2 at 4–5; Dkt. No. 42-3 at 6–7.) Lakewest is concerned that the denials are equivocal and non-committal,[2] and thus considers them inadequate. (Dkt. No. 40 at 6–7.) With respect to RFP No. 18 regarding communications with the City of Seattle, Lakewest is particularly concerned because, after speaking to an agent with the Seattle Office of Human Rights, Lakewest learned that the Broxsons communicated with that office but did not produce such communications in discovery. (Dkt. No. 35 at 5; Dkt No. 40 at 6.)

It is not the Court's place to determine whether there exists further unproduced documents that fall within the ambit of Lakewest's requests. Thus, the Court DENIES the motion to compel as to RFP Nos. 9–10, 12–13, and 16–19. However, it would not serve justice to allow the Broxsons to ambush Lakewest by later relying on a document that was not produced. Thus, the Broxsons may not use any such documents at a later date, whether in summary judgment, at trial, or in another circumstance.

### 3. Evidence of Prior Lawsuit Settlement Agreement (RFP No. 11)

RFP No. 11 asks for documents pertaining to a settlement agreement in a prior lawsuit against Mr. Broxson's previous employer, Fire Systems West, Inc. (Dkt. No. 35 at 12.) "Parties may obtain discovery regarding any nonprivileged matter that is relevant . . . [in consideration

---

[1] The Broxsons assert that the two images are screen shots from videos that were sent to Lakewest, and that an additional telephone conversation recording was also provided in response to this request. (Dkt. No. 42-3 at 8.)

[2] The Broxsons' response to RFP No. 9 was "no other documents than those already disclosed to our attorney." (Dkt. No. 35 at 50.) The Broxsons' response to RFP Nos. 10, 12, and 13 was "no such documents exist to the best of our knowledge," or equivalent language. (Dkt. No. 35 at 50–51, 57–58.) The Broxsons' responses to RFP Nos. 16–19 are a combination of the language used in the prior responses. (Dkt. No. 35 at 65–66.)

of] the parties' relative access to relevant information, . . . [and] whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1). Thus, the Court deems this evidence discoverable.

The Broxsons have access to the requested evidence. They have established contact with the attorney holding original control of the requested documents. (Dkt. No. 42 at 5.) That attorney directed the Broxsons to his old firm, MacDonald Hoague and Bayless, which has current control of the documents. (Dkt. No. 42 at 5.) MacDonald Hoague and Bayless has a retention policy of seven years. (Dkt. No. 42 at 5–6.) The prior lawsuit was in 2011–2012. (Dkt. No. 34 at 5.) The Broxsons have much better access to the requested documents than does Lakewest. There is a minimal burden in recovering the documents from the firm holding them. The Court thus GRANTS the motion to compel as to RFP No. 11. The Broxsons must produce the requested documents within 14 calendar days.

### 4. General Request for Production of Initial Disclosure Documents (RFP No. 7)

The Broxsons have not responded to RFP No. 7, which asks for any documents not already produced that were referenced in the Broxsons' initial disclosures. (Dkt. No. 34 at 2.) The Court GRANTS the motion to compel as to RFP No. 7. The Broxsons must produce the requested documents to Lakewest within 14 calendar days. Failure to produce additional documents responsive to RFP No. 7 will be taken as a waiver of such documents as evidence. The Broxsons may not rely on such documents at a later date.

## III. CONCLUSION

For the foregoing reasons, Lakewest's motion to compel (Dkt. No. 34) is GRANTED in part and DENIED in part. The Broxsons have 14 days from the issuance of this order to comply.

//

//

//

//

DATED this 11th day of April, 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO COMPEL
PAGE - 7